Wyly, J.
The defendant appeals from a judgment, on the verdict of a special jury, for $1900 rendered against him for breach of contract made by him with the plaintiff, whereby he employed the latter in January, 1866, at the price of $4200, to furnish an engine, repair two boilers, supply certain materials, aud erect certain machinery to be used in a steam saw mill at the Bay of St. Louis.
The repairs were made and all the materials and machinery were delivered, except the engine, which was not delivered, because in violation of the contract the defendant failed to indicate the place of delivery, and to pay the installment of $2100 dne when the delivery should occur.
The first objection urged in this court is that the special jury was not composed of qualified voters and persons of the occupation or trade necessary for the proper decision of the case. It appears in the bills of exception taken by the defendant that two of the jurors were not registered voters, and one was not a citizen of the United States.
Section 2125 of the Revised Statutes declares that: “ The qualifications of a juror to serve in any of the courts of this State shall be the following: To be a duly qualified elector, without regard to race, color, or previous condition, of the State of Louisiana.”
Section 2153 provides that: “In the courts of the First Judicial District special juries may be directed to be summoned, whenever the judge shall be of opinion that the matters to be submitted to the decision of a jury are of such a nature as to require information peculiar to certain occupations or professions; in such case the judge is empowered, at the request of' either party, to direct to be summoned a sufficient number of jurors of the occupation, profession, or trade necessary for the proper decision of the case.”
The occupation of the jurors objected to, was such as to show they had sufficient information for a proper decision of the case, but not being qualified electors, under section 2125 of the Revised Statutes, they were not competent jurors in any of the courts of this State.
The two sections of the Revised Statutes quoted, must be construed *87 together; and the section allowing in certain cases a special jury, or •requiring jurors to possess information peculiar to some trade or occupation, means, of course, that they are otherwise competent jurors, possessing the qualifications prescribed in the other section, to wit, section 2125.
Finding that the case was not tried by a legal jury it becomes necessary to remand it for new trial.
It is therefore ordered that the judgment herein be set aside, and it is decreed that this cause be remanded for new trial, and to be pro•ceeded in according to law and the views herein expressed, appellee paying cost of appeal..